ANDREW B. WOODS v. GAAR, SCOTT & CO. (A CORPORA-
TION).

[See 93 Mich. 143.]

*Evidence—Value—Error without prejudice — Chattel mortgage—
Insecurity clause—Possession.*

1. A witness who has been engaged for five years in selling
   threshing machines and engines, and who shows that he is
   possessed of a degree of knowledge upon the question of their
   values, is competent to testify as to what their depreciation
   in value would be by reason of use for one season.

2. A witness who testifies to having handled engines for .10 years,
   as engineer, but who is not shown to have any knowledge as
   to the value of threshing machines, is not competent to tes-
   tify as to such value.

3. Where in trover by a mortgagor for a steam threshing machine,
   seized under the insecurity clause in the mortgage and sold to
   the mortgagee, the plaintiff recovers judgment for less than
   the difference between the unpaid portion of the purchase
   price and the sum received on a resale of the machine by the
   mortgagee, the admission on the trial of incompetent testi-
   mony as to the value of the machine, and its depreciation in
   value on account of its use by the mortgagor, is non-prejudi-
   cial error.

Error to Kent. (Adsit, J.) Argued January 18, 1894.
Decided March 20, 1894.

Trover. Defendant brings error. Affirmed. The facts
are stated in the opinion, and in 93 Mich. 143.

*George Clapperton, Loyal E. Knappen,* and *Arthur C.
Denison,* for appellant.

*J. H. Tatem,* for plaintiff.

McGRATH, C. J. Upon examination of the court's
instruction to the jury in this case, we do not discover any

indication of any misapprehension on the part of the trial court as to the rule laid down in the opinion of this Court upon the former appeal. 93 Mich. 143. The court left it to the jury to say—

"Whether or not, after the settlement in January, defendant's agent had learned anything he did not then know which led him to act in seizing the property. All the facts and circumstances received in evidence on this subject you may consider."

Again, the court said:

"Unless, after the time of the settlement in January, there were new developments or changed circumstances, added to what it then knew, affecting the mortgagee's security, which led defendant, acting in good faith, to believe that it was insecure, and it did so believe, then the defendant is liable."

Again:

"You are not to question the judgment of the agent, however erroneous it may have been. If it was based on an honest belief, that is sufficient."

If the court erred in the statement made, pending the discussion of counsel, as to the admissibility of certain testimony offered by defendant, the court admitted the evidence, and, in its instructions to the jury, corrected any error that may have been made.

Complaint is made that certain evidence as to the value of the machinery was admitted, in the absence of a sufficient showing as to the competency of the witnesses to testify on the subject. One of the witnesses had been engaged in selling threshing machines and engines for five years. He testified that the depreciation by reason of the use for one season would not be over $200. This witness had shown a degree of knowledge upon the question of values. Another witness had handled engines for 10 years, as engineer. He testified that he knew the rig in question, that the rig ought to be worth between

$1,200 and $1,300, and that the depreciation in value for one year's use ought not be over $400. It does not appear that the last witness knew anything about the value of threshing machines, and we think that the testimony was incompetent.

It appears, however, that this apparatus was sold to plaintiff April 16, 1889, for $1,800; that it was seized May 10, 1890; that defendant bought it in for $100, and resold it for $1,400; that the amount of the principal unpaid upon it at the time of its seizure was less than $800, and plaintiff had judgment for $192.50. We think it appears clearly that the defendant was not prejudiced by this testimony.

The judgment will therefore be affirmed.

Long, Grant, and Montgomery, JJ., concurred. Hooker, J., did not sit.